# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVID LEE KENNEDY,<br><br>          Petitioner,<br><br>   v.<br><br>ALBERTO GONZALEZ,<br><br>          Respondent. | 1:06-cv-00677-AWI-TAG HC<br><br>REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>(Doc. 1) |

      Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

      Petitioner filed his petition on June 2, 2006, claiming that he was being held illegally by the U.S. Parole Commission, which had unlawfully detained him and had refused to grant him release on parole. (Doc. 1). On June 5, 2005, the Court mailed to Petitioner the standard package of new case documents. (Doc. 3). On July 6, 2006, these documents were returned as "undeliverable" with an indication that Petitioner was out of custody. (Doc. 6).

      The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982). The Court has no power to decide cases that do not affect the rights of litigants in the case before them. Defunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-528 (9th Cir. 1996). "To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." Iron Arrow, 464 U.S. at 70; Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976); NAACP, Western

1 Region, 743 F.2d at 1353.

2     In the instant petition filed June 2, 2006, Petitioner challenges the U. S. Parole Commission's decision to place him in custody on a detainer after his release on a previous conviction and the Commission's failure now to release him on parole.  (Doc. 1, p. 4).  On June 5, 2006, the Court mailed to Petitioner the standard new case documents (Doc. 3); however, these documents were returned to the Court as "undeliverable," and with an indication that Petitioner was "out of custody."  (Doc. 6).  The Court has determined from the Bureau of Prison's own database that Petitioner was released from custody on September 29, 2006.  Since Petitioner's only ground for relief concerned his release from custody, and since that relief has now been afforded to him, there is no further relief that this Court can provide in these habeas proceedings.  Accordingly, the action is moot and should be dismissed.  Murphy v. Hunt, 455 U.S. at 481; Iron Arrow, 464 U.S. at 70.

### **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1) be DISMISSED as MOOT.  This Report and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **April 13, 2007**             **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE